UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

|  |  |
|---|---|
| ) | |
| MICHAEL H. HOLLAND; MICHAEL W. ) | |
| BUCKNER; B.V. HYLER; and ) | Civil Action No. 10-cv-218-JMH |
| STEVEN F. SCHAAB, as Trustees ) | |
| of the United Mine Workers of ) | |
| America 1974 Pension Trust, ) | |
| ) | |
| Plaintiffs, ) | **MEMORANDUM OPINION AND ORDER** |
| ) | |
| v. ) | |
| ) | |
| RED RIVER TRUCKING, LLC and ) | |
| RALPH FELOSI, an individual, ) | |
| ) | |
| Defendants. ) | |
| ) | |

** ** ** ** **

Defendant Felosi has filed a Motion for Judgment on the Pleadings [Record No. 22]. Plaintiffs have filed a Response [Record No. 43] to which Felosi has filed a Reply [Record No. 48]. This matter is now ripe for decision.

I. **FACTUAL HISTORY**

Plaintiffs filed their initial complaint against Red River Trucking LLC ("Red River"), on June 27, 2008, before filing an amended complaint almost nine months later adding Felosi as a defendant. [Record No. 1]; [Record No. 5]. According to the amended complaint, Black Mountain Trucking, Inc. ("Black Mountain") was a participating employer in a 1974 Multiemployer Pension Plan before ceasing operations in 1995 and incurring withdrawal liability under ERISA. [Record No. 5, paras. 4,7] Plaintiffs aver that Red River was part of a common control group of trades or

business with Black Mountain and that the two should be considered a single "employer" with joint and several liability under ERISA. *Id.* at para. 10. The complaint states that Plaintiffs followed appropriate ERISA procedure in demanding withdrawal liability of $72,565.54 from the "employer," in response to which the "employer" requested a review in the fall of 2000 and winter of 2001. *Id.* at paras. 12-13. Nearly seven years later, Plaintiffs again demanded payment of all withdrawal liability notifying the "employer" that unless payment was made by July of 2007, the entire withdrawal liability "would become due and payable without further demand." *Id.* at para. 14. Plaintiffs aver that Felosi, as an officer and shareholder of Red River, transferred trucks from Red River to himself in October of 2007. *Id.* at para 15. Plaintiffs' complaint requests a declaration that Red River was part of a common control group of trades or businesses with Black Mountain and that, as a result, Red River is liable for the withdrawal liability. *Id.* at para. 25. Plaintiffs also seek a declaration that Red River's transfer of the trucks to Felosi was a transaction to avoid withdrawal liability under ERISA and constitutes a fraudulent conveyance under Kentucky law. *Id.*

Plaintiffs filed both its complaint and amended complaint in the District Court for the District of Columbia. *Id.* Defendant Red River failed to file an answer, and the Clerk of the District Court for the District of Columbia entered default in October of

2009. [Record No. 11]. Plaintiffs made a Motion for Default Judgment as to Red River a month later. [Record No. 12]. In March of 2010, Felosi made a Motion to Dismiss or in the Alternative Transfer arguing Plaintiffs did not aver facts sufficient to show it was factually plausible that Red River was part of a common control group covered under ERISA and that the District Court for the District of Columbia presented an inconvenient forum. [Record No. 13]. Plaintiffs filed a Response [Record No. 14], and Felosi filed a Reply [Record No. 15]. Without ruling on the Motion to Dismiss, the District Court for the District of Columbia granted the motion to transfer to the Eastern District of Kentucky in June of 2010. [Record No. 17].

Upon transfer to the Eastern District of Kentucky, Defendant Felosi filed a Motion for Judgment on the Pleadings in which he made arguments similar to those presented in his earlier filed Motion to Dismiss. The Court granted the Motion for Judgment on the Pleadings after Plaintiffs failed to file a timely response. [Record No. 22]. This Court subsequently entered judgment dismissing Plaintiffs' claims against Felosi. [Record No. 31]. This Court also granted Plaintiffs' Motion for Default Judgment and entered Judgment against Red River on August 16, 2010. [Record No. 30]. Plaintiffs subsequently filed a motion to alter this Court's decision as to Felosi's Motion for Judgment on the Pleadings and subsequent Judgment, arguing that their attorneys did not receive

e-mail notice of the motion before the Court's ruling. [Record No. 32]. Plaintiffs also tendered their proposed Response to Felosi's Motion for Judgment on the Pleadings in which they made similar arguments to those made in their Response to Felosi's Motion to Dismiss. *Compare* [Record No. 14] *with* [Record No. 32-1]. In both Responses, Plaintiffs sought leave to amend their First Amended Complaint without attaching a proposed amended complaint in the event that the Court decided that the complaint failed to make sufficient averments. [Record No. 14]; [Record No. 32-1]. After a protracted motion practice that included a sur-reply by Felosi, this Court held that its dismissal of Plaintiffs' claims was not a void judgment resulting from lack of notice, but directed the clerk to file Plaintiffs' tendered Response to Felosi's Motion for Judgment on the Pleadings and set aside its August 16, 2010 Judgment dismissing Plaintiffs' claims against Felosi in light of Plaintiffs' excusable neglect by Plaintiffs' attorneys. [Record No. 42]. The Court now considers Felosi's Motion for Judgment on the Pleadings anew.

## II. STANDARD OF REVIEW

Defendant makes his Motion for Judgment on the Pleadings pursuant to Federal Rules of Civil Procedure Rule 12(c). Rule 12(c) states, "After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard of review applied

to a Motion for Judgment on the Pleadsings "is the same as that for a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *EEOC v. J.H. Routh Packing Co.*, 246 F.3d 850, 851 (6th Cir. 2001).

A motion to dismiss pursuant to Federal Rule of Civil Procedure Rule 12(b)(6) tests the sufficiency of the plaintiff's complaint. Fed. R. Civ. P. 12(b)(6). The Court views the complaint in the light most favorable to the plaintiff and "must accept as true 'well-pleaded facts' set forth in the complaint." *PR Diamonds, Inc. v. Chandler*, 364 F.3d 671, 680 (6th Cir. 2004) (quoting *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)). "A complaint must contain either direct or inferential allegations with respect to all material elements necessary to sustain a recovery under some viable legal theory." *Weiner v. Klais & Co.,* 108 F.3d 86, 88 (6th Cir. 1997) (citation omitted). Factual allegations must support legal conclusions in Plaintiff's complaint before this Court may "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). If it appears beyond doubt that the plaintiff's complaint does not state facts sufficient to "state a claim that is plausible on its face," then the claims must be dismissed. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *Weisbarth v. Geauga Park Dist.*, 499 F.3d 538, 542 (6th Cir. 2007); *Our Lady of*

*Bellefonte Hosp., Inc. v. Tri-State Physicians Network, Inc.*, No. 06-141-HRW, 2007 WL 2903231, *2 (E.D. Ky. Sept. 27, 2007). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not show[n] – that the pleader is entitled to relief" as required by Federal Rules of Civil Procedure Rule 8(a)(2). *Iqbal*, 129 S. Ct. at 1950 (citing Fed. R. Civ. P. 8(a)(2)); Fed. R. Civ. P. 8(a)(2)("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . .").

A complaint, therefore, must lay out "more than a 'forumulaic recitation of the elements' of a . . . claim." *Iqbal*, 129 S. Ct. at 1951 (citation omitted). Instead, the complaint must establish "enough fact to raise a reasonable expectation that discovery will reveal evidence" to show the averments are factually plausible. *Twombly*, 550 U.S. at 556. In making this determination, this Court presumes all factual allegations to be true and "reasonable inferences must be made in favor of the non-moving party," though the Court does not have to accept "unwarranted factual inferences." *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citations omitted). If the "complaint does not contain any factual allegation sufficient to plausibly suggest" each essential element of the averred violation, it does not contain enough "factual content to 'nudge'

[the claim] 'across the line from conceivable to plausible" and must be dismissed. *Iqbal*, 129 S. Ct. at 1953 (citing *Twombley*, 550 U.S. at 570).

## III. ANALYSIS

### A. Count II: Transaction to Avoid or Evade Withdrawal Liability Under ERISA shall be dismissed with prejudice.

#### 1. Plaintiffs have not averred sufficient facts to show that Red River could be classified as an employer under ERISA.

Plaintiffs must show that Red River and Black Mountain were a single employer under ERISA before Plaintiffs can aver that Felosi engaged in a transaction to avoid or evade withdrawal liability. Under ERISA, immediate payment of any outstanding withdrawal liability in a covered plan may be required of an employer in the event of default. 29 U.S.C. § 1399. An "employer" is defined as "any person acting directly as an employer, or indirectly in the interest of an employer, in relation to an employee benefit plan; and includes a group or association of employers acting for an employer in such capacity." 29 U.S.C. § 1002(5). Furthermore, "all employees of trades or businesses . . . which are under common control shall be treated as employed by a single employer." 29 U.S.C. § 1301(b)(1). Thus, the threshold question becomes whether Defendant or the company that initiated the transaction was an employer under ERISA. *See Mason & Dixon Tank Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 852 F.2d 156, 167 (6th Cir.

1988). Taking Plaintiff's factual allegations as true, Black Mountain was a participating employer in a 1974 Multiemployer Pension Plan covered under ERISA and Red River was not a participating employer. [Record No. 5, para. 7]. Black Mountain subsequently ceased all operations sometime near April 1995 incurring withdrawal liability to which Plaintiffs demanded payment in May 2007. *Id*. at paras. 7, 14. For purposes of this motion, the Court also accepts as true that Defendant Felosi transferred trucks belonging to Red River to himself without paying consideration. *Id.* at para. 15.

Plaintiffs' complaint, however, fails to aver sufficient factual allegations to make it plausible that Red River and Black Mountain were under "common control" on the date of withdrawal. As stated above, the question of "common control" is an essential element to Count II requiring well-pleaded facts that plausibly suggest this to be the case with Red River and Black Mountain. *See Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Sheild*, 552 F.3d 430, 434 (6th Cir. 2008). When evaluating such an ERISA claim, the Court looks to tax regulations to determine whether trades or business are under common control. 29 U.S.C. § 1301(b)(1). Federal regulations define trades or businesses under common control based on the following three relationships: (1)

parent-subsidiary,[1] (2) brother-sister,[2] and (3) combined group of trades or business under common control.[3]   26 C.F.R. § 1.414(c)-2(a).

Plaintiffs' complaint, however, falls well short of averring facts that make it plausible that Red River and Black Mountain fit this definition.   Paragraphs 9 and 10 of Plaintiffs' complaint state the following:

> 9. Defendant Ralph Felosi is or was a citizen of Kentucky and is or was an officer and shareholder of Defendant Red River Trucking, Inc. [sic] and Black Mountain Trucking, Inc.
>
> 10. Plaintiffs allege upon information and belief that Black Mountain Trucking, Inc., and Defendant Red River Trucking, LLC (going by the name of Ralph Felosi Trucking, Inc.) were under "common control" on the date of withdrawal within [the meaning of the statute], and regulations promulgated thereunder . . . .   As such, Black Mountain Trucking, Inc. and Defendant Red River Trucking, LLC, are a single employer for

---

[1] To find a parent-subsidiary common control relationship, the common parent organization must own a "controlling interest" in each of the other organizations found to be under common control. 26 C.F.R. § 1.414(c)-2(b).

[2] To find a brother-sister common control relationship, five or fewer persons who are individuals, estates or trusts must own a controlling interest in each of the organizations averred to be under common control such that these persons maintain effective control of each organization.   26 C.F.R § 1.414(c)-2(c).

[3] To find a combined group of trades or businesses under common control, three or more organizations must fit the definition of parent-subsidiary or brother-sister and at least one of the organizations must be both the parent organizations and a member of a brother-sister group of trades or business under common control. 26 C.F.R § 1.414(c)-2(d).

> withdrawal liability purposes and shall be
> collectively referred to herein as the
> "Employer."

[Record No. 5, paras. 9-10]. Plaintiffs argue this Court should follow the lead of the Eastern District of Virginia, which held that a complaint ("Virginia Complaint") was sufficient to withstand a motion to dismiss for failure to state a claim where it stated as follows:

> Defendants, Sullivant, Trueline, and Trio are
> trades and businesses under common control
> with Accurate within the meaning of Section
> 414(c) of the Internal Revenue Code and the
> regulation thereunder, because they are *wholly
> owned* by Gerald Miller or otherwise are a
> "brother-sister" group of trades or businesses
> *under common control.*

*Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Sullivant Ave. Props., LLC*, 508 F. Supp. 2d 473, 478 (E.D. Va. 2007) (emphasis in original) (citation omitted). The Virginia Complaint, however, averred facts that make it plausible that the groups in question are under common control, namely that both are "wholly owned" by a single person. *Id.* This fits the definition of a brother-sister group of trades or businesses under common control. 26 C.F.R. § 1.414(c)-2(c).

Plaintiffs' complaint, however, lacks any facts that show Black Mountain and Red River operated under common control. [Record No. 5, paras. 9-10]. While the averment that Felosi was an officer and shareholder of both companies leaves open the possibility that Red River and Black Mountain made up a brother-

sister group, it falls well short of the definitions set forth in regulation requiring five or fewer people maintaining effective control over the trades or businesses in question. In particular, Plaintiffs' complaint makes no mention of the number of shareholders and officers involved in the management of Black Mountain and Red River, let alone how many other people were involved or whether those same people had effective control of both Black Mountain and Red River. As a result, this Court shall grant Felosi's Motion for Judgment on the Pleadings and dismiss Count II of Plaintiff's complaint with prejudice.[4]

### 2. This Court shall also deny Plaintiffs' Motion for Leave to Amend their Complaint.

Plaintiffs have made a Motion for Leave to Amend[5] their pleading, pursuant to Rule 15(a)(2), which this Court shall deny.

---

[4] The Court notes that this holding does not affect the August 16, 2010 Default Judgment entered against Red River on Count I: Withdrawal Liability Under ERISA. [Record No. 30]; *see also Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27 cmt. e (1982)) ("In the case of a judgment entered by . . . default, none of the issues is actually litigated. Therefore, the rule of this Section [describing issue preclusion's domain] does not apply with respect to any issue in a subsequent action.")

[5] In Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings, Plaintiffs stated that "if the Court deems the present allegations insufficient[,] the Trustees would request leave to file a Second Amended Complaint alleging that Defendant Felosi owned a sufficient portion of Black Mountain Trucking and Ralph Felosi Trucking at the time of Black Mountain's withdrawal to satisfy the 'brother-sister' control group test in 26 C.F.R. § 1.414(c)-2." [Record No. 43, p. 5-6, n.6]. This Court shall construe this statement as a Motion to Amend Plaintiffs' Complaint under Rule 15(a)(2).

While this Court should freely give leave to amend the complaint when justice so requires, it may deny Plaintiff this opportunity based on "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). This Court first considers Plaintiffs' actions that have forced an undue delay throughout this litigation.

Plaintiffs waited more than nine months before filing an amended complaint to add Felosi as a Defendant. *See* [Record No. 1]; [Record No. 5]. After transferring the case from the District of Columbia to the Eastern District of Kentucky, Plaintiffs failed to respond to Felosi's Motion for Judgment on the Pleadings prompting this Court to dismiss the case with prejudice. [Record No. 22]. While rejecting Plaintiffs argument that they did not receive notice of the pleading through e-mail, the Court set aside its earlier judgment and ordered the clerk to file Plaintiffs' response to the motion for judgment on the pleadings, which was attached to their Motion to Alter Judgment. [Record No. 42]; *see also* [Record No. 32-1]. Though Plaintiffs filed their Response to this motion as an exhibit to their Motion to Alter Judgment, Plaintiffs have now twice made a motion to amend their complaint without attaching a copy of a proposed second amended complaint

12

that contains factually plausible allegations to show a common control group existed. *See* [Record No. 32-1, p. 5-6 n.6] (Exhibit A - Plaintiff's Response to Defendant Felosi's Motion for Judgment on the Pleadings - deemed filed by this Court's January 12, 2011 Order); [Record No. 14, p. 5-6 n.5] (Response to Motion to Dismiss, or in the Alternative, to Transfer). While the Court must freely give leave to amend when justice so requires, the Sixth Circuit has held "in order to do this, the Court must have before it the substance of the proposed amendment." *Roskam Baking Co. v. Lanham Mach. Co.*, 288 F.3d 895, 906 (6th Cir. 2002).

Further, this mistake is only the latest in a series of failures to appropriately litigate this matter. *See* [Record No. 42] (order holding that previously entered judgment dismissing Plaintiffs' claims was not void for lack of notice but setting aside judgment due to Plaintiffs' attorneys excusable neglect); [Record No. 40] (order allowing a sur-reply to new arguments inappropriately raised in Plaintiffs' reply); [Record No. 31] (judgment entered dismissing Plaintiffs' claims for failing to respond to Motion for Judgment on the Pleadings); *see also* [Record No 47]; [Record No. 44]; [Record No. 26] (clerk's notices to various Plaintiffs' attorneys of failure to obtain admission to practice in the Eastern District of Kentucky); [Record No. 53] (order granting contingent admission to practice pro hac vice after Plaintiffs' attorney failed to file a statement of CM/ECF

training).  This Court believes these delays show a dilatory motive, at the least, bordering on harassment and will not allow Plaintiffs to again force a delay in this litigation that has been on-going for almost three years.

Additionally, any attempted amendment to the complaint would prove futile as to Count II.  Plaintiffs base this count on 29 U.S.C. § 1392.  ERISA requires, however, that "[a]ny dispute between an employer and the plan sponsor of a multiemployer plan concerning a determination made under [29 U.S.C. §§ 1381-99] shall be resolved through arbitration."[6]  29 U.S.C. 1401(a)(1).  *Id.* Thus, the Sixth Circuit has held that "arbitration reigns supreme" and "arbitration is the appropriate forum if there is a dispute [regarding] the amount of liability." *Mason & Dixon Tank Lines, Inc. v. Cent. States, Se. & Sw. Areas Pension Fund*, 852 F.2d 156,

---

[6] While failure to timely demand arbitration typically results in a waiver of defenses to the imposition of withdrawal liability as set by the plan sponsor, this statutory time limitation may be equitably tolled.  29 U.S.C. § 1401(b)(1); *Bd. of Trs., Sheet Metal Workers Nat'l Pension Fund v. Palladium Equity Partners LLC*, 722 F. Supp. 2d 854, 875 (E.D. Mich. 2010) ("[B]ecause arbitration is conceptualized as an exhaustion requirement, not a jurisdictional prerequisite, . . . courts can equitably toll the deadline for initiating arbitration.").  Thus, while perhaps not acting prudently, Felosi and Red River Trucking have not necessarily waived their opportunity at arbitration as the complaint fails to set forth facts showing that Felosi and Red River Trucking were "employers" under ERISA.  Even if this Court were to hold the parties to the statutory time limit, however, Plaintiffs could only pursue "an action in a State or Federal court of competent jurisdiction for collection" as neither party pursued arbitration. 29 U.S.C. § 1401(b)(1).

164 (6th Cir. 1988) (citations omitted).[7]  Though this Court may consider whether Red River was an employer, the determination of whether a transaction was made to evade or avoid withdrawal liability and the resulting impact it has on the amount of withdrawal liability would need to be first determined in arbitration.  *Id*. at 167 (citations omitted) (holding that the determination of whether a trade or business is an employer that can be held liable under ERISA can be submitted directly to the courts); 29 U.S.C. § 1401(b)(2).  Considering that Plaintiffs have exhibited a dilatory motive by causing undue delay in this litigation and that any amendment to the complaint, as proposed, would be futile, this Court shall deny Plaintiffs' Motion for Leave to Amend.

### B. Count III: Claim to Recover Fraudulent Conveyance Under Kentucky State Law shall be dismissed with prejudice.

Despite dismissing Plaintiffs' claim under Count II, this Court retains supplemental jurisdiction over Count III: Claim to Recover Fraudulent Conveyance Under Kentucky State Law.[8]  The Court

---

[7] Indeed, ERISA provides parties with the opportunity to come before this Court only in an action to collect withdrawal liability owed or "to enforce, vacate, or modify the arbitrator's award."  29 U.S.C. § 1401(b)(1)-(2).

[8] Defendant argues this Court should dismiss Plaintiffs' state law claim as Plaintiffs have failed to invoke this Court's jurisdiction under 28 U.S.C. § 1367 in their complaint.  [Record No. 22, p. 9-10]; *see also* [Record No. 5].  As a result, Plaintiffs have made a motion for leave to amend their complaint to bring it within compliance, if this Court holds the complaint deficient.  [Record No. 43, p. 7 n.8].  District courts disagree whether a

15

obtains supplemental jurisdiction over all state law claims that
form part of the same "case or controversy" as that of the claims
over which the court maintains original jurisdiction.  28 U.S.C. §
1367(a).  Furthermore, 28 U.S.C. § 1367(c)(3) provides that the
court may decline to exercise supplemental jurisdiction if "the
district court has dismissed all claims over which it has original
jurisdiction."  28 U.S.C. § 1367(c)[9]  Thus, should any of
Plaintiffs' claims invoking the original jurisdiction of this court
pursuant to 28 U.S.C. § 1331 remain, this Court may not decline

---

Plaintiff must plead jurisdiction under 28 U.S.C. § 1367 when
filing a complaint pursuant to Rule 8(a)(1).  *See* Fed. R. Civ. P.
8(a)(1) ("A pleading that states a claim for relief must contain .
. . a short and plain statement of the grounds for the court's
jurisdiction, unless the court already has jurisdiction and the
claim needs no new jurisdictional support."); *see also McNerny v.
Neb. Pub. Power Dist.*, 309 F. Supp. 2d 1109, 1116 (D. Neb. 2004)
("Although the common and cautious practice is to include the
allegation in the complaint, where subject matter jurisdiction
exists under 28 U.S.C. § 1331, supplemental jurisdiction need not
be specifically pleaded if the relationship between the federal
claim and the state claim permits the conclusion that the entire
action is derived from a common nucleus of operative fact."); *Carlo
C. Gelardi Corp. v. Miller Brewing Co.*, 421 F. Supp 237, 241 n.3
(D.N.J 1976) ("It is not necessary that pendent jurisdiction be
affirmatively pleaded").  *But see Harrison v. Equitable Life
Assurance Soc.*, 435 F. Supp. 281, 283 (W.D. Mich. 1977) (holding
that the rules required pleading of pendent jurisdiction granting
plaintiffs leave to amend the complaint).  While choosing not to
rule on whether Rule 8(a)(1) requires affirmative pleading of
supplemental jurisdiction under 28 U.S.C. § 1367, this Court shall
again deny Plaintiffs' motion for leave to amend for reasons
previously discussed.  *See supra* Part III.A.2.; *see also Foman v.
Davis*, 371 U.S. 178, 182 (1962) (recognizing that a court need not
give leave to amend when the amendment is futile)

[9] 28 U.S.C. § 1367 also provides three additional scenarios
under which a district court may decline supplemental jurisdiction
which do not apply in this case.  28 U.S.C. § 1367(c)(1)-(4).

supplemental jurisdiction. While not ruling on the merits of Count I: Withdrawal Liability Under ERISA, this Court has entered a default judgment against Defendant Red River with regard to that Count. [Record No. 30]. As a result, this Court has not dismissed all claims brought under this Court's original jurisdiction, and this Court may not decline supplemental jurisdiction over Plaintiffs' state law claim. *See Trs. of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.*, 333 F.3d 923, 925-26 (9th Cir. 2003) (reversing the district court's decision to decline supplemental jurisdiction on state law claims after granting default judgment in favor of the plaintiff on an ERISA claim); *Morin v. Empiyah & Co.*, 389 F. Supp. 2d 506, 511 (S.D.N.Y. 2005).

Plaintiffs, however, have failed to aver facts that make it factually plausible that an averred fraudulent transfer by Red River took place. KRS § 378.020 states:

> Every gift, conveyance, assignment, transfer or charge made by a debtor, of or upon any of his estate without valuable consideration therefor, shall be void as to all his then existing creditors, but shall not, on that account alone, be void as to creditors whose claims are thereafter contracted, nor as purchasers from the debtor with notice of the voluntary alienation or charge.

KRS § 378.020. Kentucky courts, however, have long held that only creditors could use this statute to void a transfer made without consideration. *Grand Lodge of Ky. v. First Nat'l Bank*, 64 S.W.2d

17

474, 476 (Ky. 1933) (citation omitted). As discussed above, Plaintiffs have not made sufficient averments that make it factually plausible that Red River was an employer covered by ERISA. *See supra* Part III.A.1. Accordingly, Plaintiffs have similarly failed to meet the pleading requirements to show that they are Red River's creditors and cannot use KRS § 378.020 to void the transfer of the trucks. Thus, this Court shall also grant Felosi's Motion for Judgment on the Pleadings as to Count III.

**IV. CONCLUSION**

For the reasons set forth above, **IT IS ORDERED**:

(1) that Defendant Felosi's Motion for Judgment on the Pleadings [Record No. 22] is **GRANTED**;

(2) that Plaintiffs' Motion for Leave to Amend their Complaint [Record No. 43] is **DENIED**; and

(3) that Plaintiff's complaint as to Count II: Transaction to Evade or Avoid Withdrawal Liability Under ERISA and Count III: Claim to Recover Fraudulent Conveyance Under Kentucky State Law are **DISMISSED WITH PREJUDICE**.

This the 10th day of June, 2011.



Signed By:

*Joseph M. Hood*

Senior U.S. District Judge